## Application of WHITE.

Court of Appeals of District of Columbia.

Submitted November 16, 1927.    Decided December 5, 1927.

No. 1961.

Patents ⬥141(6)—Deliberate withdrawal of claim to secure patent is conclusive of presumption that there was no inadvertence, accident, or mistake (35 USCA § 64).

Deliberate withdrawal of claim in order to secure patent is conclusive of the presumption that there has been no inadvertence, accident, or mistake, within meaning of Rev. St. § 4916 (35 USCA § 64; Comp. St. § 9461).

Appeal from the Commissioner of Patents.

In the matter of the application of Henry H. White for the reissue of a patent. From an adverse decision, applicant appeals. Affirmed.

V. E. Hodges and J. P. Swecker, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from decisions of the Patent Office tribunals refusing reissue of a patent containing claims 3 to 7, inclusive.

During the prosecution of appellant's original application, several claims were rejected on prior patents. Thereupon appellant deliberately withdrew the broader claims of his application to avoid the references, and a patent was granted with limited claims. Nearly 2½ years after this rejection on the references, appellant filed his application for reissue, alleging that his patent is "inoperative for the reason that the specification thereof is defective, and that such defect consists particularly in the failure to include certain claims that petitioner is entitled to." The appealed claims are even broader than the claims that were deliberately withdrawn.

It is settled law that the deliberate withdrawal of a claim in order to secure a patent is conclusive of the presumption that there has been no inadvertence, accident, or mistake, within the meaning of section 4916, R. S. (35 USCA § 64; Comp. St. § 9461). In re Denton, 12 App. D. C. 504; In re Lacroix, 30 App. D. C. 299; Ex parte Hoiland,

50 App. D. C. 268, 270 F. 704; Dobson v. Lees, 137 U. S. 258, 11 S. Ct. 71, 34 L. Ed. 652; Corbin Cabinet Lock Co. v. Eagle Lock Co., 150 U. S. 38, 14 S. Ct. 28, 37 L. Ed. 989.

The decision of the Patent Office was right, and is affirmed.

Affirmed.

═══════════

## ODOL CORPORATION v. DE OTO.

Court of Appeals of District of Columbia.

Submitted November 14, 1927.    Decided December 5, 1927.

No. 1956.

Trade-marks and trade-names and unfair competition ⬥59(5), 61—Trade-mark "O. D. O." for liniment held not similar to mark ['Odol" on preparation for teeth, mouth, and breath, and not infringement, since goods were different.

Trade-mark "O. D. O." for liniment to be applied externally held not in conflict with trade-mark "Odol" for preparation for teeth, mouth, and breath, since goods on which marks were used are not of same descriptive properties, nor were marks so similar as to lead to confusion in trade.

Appeal from the Commissioner of Patents.

Interference proceeding between the Odol Corporation and Ottavio De Oto. Decision for the latter, and the former appeals. Affirmed.

Louis Alexander, of New York City, for appellant.

C. A. O'Brien and B. F. Garvey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. The Odol Corporation filed an opposition against the registration of "O. D. O." as a trade-mark for liniment to be applied externally. The mark of the opposer is "Odol," used as a trade-mark on a preparation for "the teeth, mouth, and breath."

We agree with the Commissioner of Patents that the goods on which the marks are used are not of the same descriptive properties, and that the marks are not so similar as to lead to confusion in trade.

The decision of the Commissioner is affirmed.