23 C.C.P.A.(Patents)

### In re GUASTAVINO.

#### Patent Appeal No. 3638.

Court of Customs and Patent Appeals.
June 1, 1936.

914

D. P. Wolhaupter, of Washington, D. C. (Emory L. Groff, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Justice.

On January 17, 1929, appellant filed an application in the United States Patent Office entitled, "Acoustical Product." The application matured into patent 1,917,112, issued July 4, 1933. During its prosecution the application was several times amended, many claims being canceled. As issued, the patent contains only two claims.

On March 14, 1934, appellant filed application for a reissue of his patent, into which application he copied six claims from a patent No. 1,929,425, issued October 10, 1933, to Earnest T. Hermann upon an application filed by the latter July 14, 1930; the purpose being to secure an interference proceeding between the two patents. The Hermann patent is entitled "Sound Absorbing Material and Method of Making the Same."

Two of the claims copied by appellant were method claims. There was no appeal to the Board of Appeals from the Examiner's rejection of those two claims, and, as of course, they are not included in the appeal to us. So, although they are quoted along with the other claims in the brief on behalf of appellant, and seemingly included in his argument, they are not before us for adjudication.

The Examiner rejected the four claims which are before us upon the ground of estoppel; it being held by him that they are substantially the same in scope as claims which the appellant had canceled in response to rejection of them on prior art. The Board of Appeals affirmed the Examiner's rejection upon the ground of estoppel, and appellant took the instant appeal to this court.

Claim 3 is illustrative of the subject matter: "3. A sound-absorbent material comprising mineral particles bonded together by a ceramic bonding structure, said bonding structure being present only in sufficient amount to coat the surfaces of the particles and to form bonds between adjacent particles at the points of contact thereof while leaving the major portion of the voids between the particles free and unobstructed."

It is asserted on behalf of appellant, and the record sustains the assertion, that his original application and the application of Hermann, while relating to the same subject matter, were referred to different divisions of the Patent Office and prosecuted before different examiners. As a result of this, it is said, the similarity of the subject matter of the applications probably was not discovered in the Patent Office, and appellant's first information concerning Hermann's application was obtained when the patent to Hermann issued some three months after appellant had received his patent.

The record discloses that the application of Hermann was passed for issue January 12, 1933, with notice of allowance by the Commissioner of Patents on January 13, 1933, and it is contended on behalf of appellant that, by the provisions of Patent Office Rule 96, predicated upon section 4904, R.S. (35 U.S.C. § 52, 35 U.S.C.A. § 52), it was mandatory upon the Examiner, the Hermann application being ready for allowance, to declare an interference between it and appellant's pending application, and that the failure so to do was a "mistake" which entitled appellant to proceed under section 4916, R.S. (35 U.S.C. § 64, 35 U.S.C.A. § 64) reading: "Sec. 4916. Whenever any patent is wholly or partly inoperative or invalid, by

reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the same invention, and in accordance with the corrected specification, to be reissued to the patentee or to his assigns or legal representatives, for the unexpired part of the term of the original patent."

It is thus to be seen that appellant's claim for reissue of his patent is predicated primarily upon his alleged right to have had an interference between himself and Hermann.

Appellant places great reliance upon a decision of the Supreme Court of the United States, rendered in December, 1868, in the case of Morey v. Lockwood, 8 Wall.(75 U.S.) 230, 234, 19 L.Ed. 339. The case was an infringement proceeding which arose under the following state of facts:

Two brothers by the name of Davidson applied for and received a patent for a syringe, dated March 31, 1857, which patent they subsequently assigned to Lockwood. During the prosecution of the application in the Patent Office objection was made by the Commissioner to a certain feature of a claim on the ground that such feature was anticipated by the prior art. The Davidsons acquiesced in the objection and submitted a new and restricted claim upon which the patent issued. Subsequently, however, according to the statement of facts accompanying the Supreme Court's decision, "it was discovered by the patentees, or their assignee, and also by the commissioner himself," that the art upon which the original claim was rejected "furnished no legal objection" to it, and the assignee, upon surrender of the patent, was, on April 25, 1865, granted a reissue with an amended specification and a claim in the form of the original. It was contended on behalf of Morey, who was charged with infringement, that the reissue was without authority of law because "the original patent was neither 'inoperative nor invalid,' nor was the specification 'defective or insufficient.'" The Supreme

Court sustained the validity of the reissued patent, saying: "We do not doubt that the commissioner had full authority to grant the amendment; and, under the special circumstances of the case, it would seem to have been a duty, as the inventors were led into the error by himself, as may be seen from his letter when the patent was originally granted."

The distinction between the foregoing case and the case at bar is obvious. In the former no interference question was involved. All proceedings there, up to and including the reissued patent, were had in the Patent Office. It was discovered by the parties in interest and by the Commissioner that a mistake had occurred with respect to the subject matter of a claim and the mistake was corrected by the Commissioner, without the intervention of any court.

Appellant here does not seem to have proceeded upon the theory of a mistake on the part of the Examiner in rejecting the subsequently canceled claims upon prior art, or that he was led into error as were the Davidsons in the Morey v. Lockwood Case, supra. The alleged mistake upon which appellant relies is simply that of the failure to declare an interference.

█ Even were the question of whether there was a mistake upon the part of the Examiner in rejecting the claims that were canceled before us, which it is not, we would be unable to determine the issue upon the record presented. The claims are in the record, but the art which the Examiner thought anticipatory is not. The only matter of record from which even an inference of error on the part of the Examiner who passed upon appellant's original application, in rejecting claims upon prior art, could be drawn, is the act of another Examiner in allowing claims, differently worded but said to relate to the same subject matter, to Hermann. Assuredly, no court would be justified in drawing such an inference from this circumstance standing alone. Assuming one of the Examiners to have erred, we are unable to determine which. Appellant, by canceling the claims when he might have appealed, in effect conceded that the Examiner of his application was right.

At the time the Hermann application became ready for allowance[1] (it having

─────────

[1] The pertinent portion of R.S. § 4904 (35 U.S.C. § 52, 35 U.S.C.A. § 52) reads: "Sec. 4904. Whenever an application is made for a patent which, in the

been the first of the two applications to become ready. January 12, 1933, the claims which were held to be substantially the same as the claims of appellant here at issue stood canceled; they having been canceled November 5, 1930. So, even had the Examiner in charge of the Hermann application had knowledge of appellant's application on January 12, 1933, which all parties hereto assume he did not have, it might well be questioned whether the claims of the two applications were such as to require declaration of an interference. The Board of Appeals, however, seems to have acquiesced in appellant's contention that the Examiner's failure was a mistake, but held it not to be one entitling appellant to a reissue.

Under the view which we take of the case, it is unnecessary for us to pass upon the question of whether it was a mistake on the part of the Examiner not to suggest claims and declare an interference. Assuming, without holding, this to have been true, we do not think it was a mistake of the character comprehended by the terms "inadvertence, accident, or mistake" in the connection in which they are used in R.S. § 4916, supra.

It is accordingly held that no right to a reissue of appellant's patent may be predicated upon the failure to declare an interference.

Entirely independent of the interference phase of the controversy, however, appellant is entitled, under certain of his assignments of error, to a review of that part of the decision below holding the claims to be substantially the same as the claims which were canceled, since, assuming the claims to be supported by his disclosure, if they are *not* substantially the same, and the conditions of the reissue statute are met, he might be entitled to obtain them by reissue. In re Crowell (Appeal No. 3594), 81 F.(2d) 402, 23 C.C.P.A. (Patents) 859, with cases cited. If they be substantially the same, the doctrine of

estoppel applies, and he is not entitled to receive them. In re Murray, Jr., 64 F.(2d) 788, 20 C.C.P.A.(Patents) 1046; In re Crowell (Appeal No. 3524), 79 F.(2d) 746, 23 C.C.P.A.(Patents) ——.

It is quite earnestly urged on behalf of appellant that the appealed claims are not substantially the same; claim 6 being especially stressed as showing material differences. We quote claim 6, placing emphasis upon the features which appellant emphasizes: "6. A sound absorbing material comprising *a shaped body* consisting of *mineral particles* firmly bonded together by a fused bonding structure *formed in place* by the action of heat *on fusible ceramic material* and confined substantially *wholly* to the surfaces of the particles and *the junctures* there-between, said body being provided *substantially throughout* with extensively intercommunicating voids between the particles thus coated and bonded together."

Two of the claims canceled from appellant's original application which the Examiner cites as being substantially of the same scope as the appealed claims were Nos. 7 and 10. These read:

"7. A colored ceramic acoustical material consisting of particles of body material means uniting said particles of material [ * * * ] at their points of contact only, and * * * coloring element whose color is developed by the firing of the material."

"10. A sound absorbing wall or ceiling, *including* a ceramic acoustical material composed of stony or ceramic particles bonded together at their points of contact *only by a fluxing material forming a body* having an exposed finished face and provided throughout with intercommunicating pores which openly penetrate said exposed finished face."

When appealed claim 6 and the other appealed claims are compared with canceled claims 7 and 10, and the language of each claim carefully studied, we think no

opinion of the commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct the primary examiner to proceed to determine the question of priority of invention. * * *"

Rule 96 of the Patent Office, as it read at the time the respective applications herein mentioned were being prosecuted,

provided: "Whenever the claims of two or more applications differ in phraseology, *but relate to substantially the same* patentable subject matter, the examiner, *when one of the applications is ready for allowance,* shall suggest to the parties such claims as are necessary to cover the common invention in substantially the same language. * * *" (The italicized phrase is no longer a part of the rule.)

differences of a material nature appear. Under any fair construction of the canceled claims, it seems clear to us that every limitation in the appealed claims is inherent in and is expressed, although in slightly different phraseology, in the canceled claims. There are no differences in meaning, and we have here no situation similar to that which existed in the In re Crowell Case (Appeal No. 3594), first cited supra. Rather the situation is similar to that of the other In re Crowell Case (Appeal No. 3524), also cited supra.

We find no error in the decision of the Board of Appeals, and the same is affirmed.

Affirmed.