24 C.C.P.A.(Patents)

## In re STANTON. *

### Patent Appeal No. 3675.

Court of Customs and Patent Appeals.
Nov. 30, 1936.

Clarence A. O'Brien, of Washington, D. C. (Charles E. A. Smith, Thomas E. Turpin, and George C. Baldt, all of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An application was filed by the appellant in the United States Patent Office for

*Rehearing denied Dec. 21, 1936.

a reissue of appellant's patent granted June 6, 1933. The application for this reissue was filed October 9, 1933.

Appellant's claims, 1 to 7, inclusive, 9, 13, 14, 16, 26, 27, 29, 48, and 49 were rejected while certain claims were allowed.

The Examiner based his rejection upon the ground of estoppel. From the Examiner's statement, it appears that in the prosecution of the application which resulted in the patent to appellant, certain claims were canceled in order to secure the patent, namely, claims 11, 12, 14, and 15, which are as follows:

"11. In an electric current testing instrument and in combination, a magnetic member having spaced poles, pawls carried by said member, and an indicating device having a portion movable endwise between said poles and pawls and also having at spaced points in the length of said portions recesses to receive said pawls.

"12. In an electric current testing instrument, and in combination, a magnetic member having spaced poles, pawls carried by said member, and an indicating device having a portion movable endwise between said poles and pawls and also having at spaced points in the length of said portion recesses to receive said pawls, and further having longitudinal grooves connecting said recesses.

"14. In an electric current testing instrument and in combination, a magnetic member comprising portions hingedly connected together and having spaced ends constituting poles, and an indicating device having a portion movable endwise between said poles, and means detachably connecting the indicating device with the pole bearing ends of said portions.

"15. An electric current testing instrument comprising a magnetic member other than a permanent magnet, said member having spaced poles, and an indicating device having a portion movable endwise between said poles and also having a shaft turnable about its axis in said portion, an armature on the shaft and in the portion and movable with the shaft, a pointer on the shaft, a scale complementary to the pointer, and a spring cooperating with the shaft for returning the pointer to its initial position."

The Examiner was of opinion that the claims here rejected were as broad, and in some instances broader, than the claims which had been canceled, and that the applicant for the reissue was therefore estopped from urging the allowance of said claims in this proceeding. The Board of Appeals was of the same opinion, and also that there had been no inadvertence, accident, or mistake within the meaning of section 4916, Revised Statutes, as amended (35 U.S.C.A. § 64), citing in support of its position, the following authorities: In re Appeal of Denton, 12 App.D.C. 504; In re Lacroix, 30 App. D. C. 299; Ex parte Hoiland, 50 App.D.C. 268, 270 F. 704; Dobson v. Lees, 137 U. S. 258, 11 S.Ct. 71, 34 L.Ed. 652; Corbin Cabinet Lock Co. v. Eagle Lock Co., 150 U.S. 38, 14 S.Ct. 28, 37 L.Ed. 989.

The Board of Appeals was of opinion that rejected claim 1 was typical of the rejected claims. It is as follows:

"1. An electrical measuring instrument comprising pivotally mounted magnetizable members, an electrical indicating device, and means for adjustably supporting said indicating device in the magnetic path of the magnetizable members for adjustable calibration of the instrument."

The appellant insists that said claim 1 contains a limitation which is not to be found in the canceled claims aforesaid, and which makes the claim narrower than any of said canceled claims. This limitation is expressed in the words, "for adjustable calibration of the instrument." A similar alleged limitation is found in rejected claims 2, 3, 4, 5, 7, 26, 27, 29, and 48. The language is varied somewhat, but the same thought is expressed. Both the Examiner and the Board of Appeals held that this was simply a recital of the function of the member in question. As was said by the Board of Appeals, it was merely an expression of a "function that was necessarily present in the arrangement recited in the original claims and that it is therefore not a material limitation."

It is quite obvious to us that the Patent Office tribunals came to the right conclusion in this respect. Calibration of an instrument is simply a determination or a rectification of the graduation of the instrument. It follows, as a matter of course, that if the indicating device, as expressed in canceled claim 14, operates in the way suggested in that claim, and in the other canceled claims, it can be used for the calibration of the instrument and to ascertain the effect upon the instrument of different ranges of current. The member which is described in the rejected claims,

and which is said to be movable endwise between the pole pieces, or, as it is stated in some of the rejected claims, "slidable between the pole pieces of said members," can, of course, be. used for calibration purposes. This function is inherent in the device claimed in the canceled claims. Therefore, as to the claims in which this particular function is enumerated, it cannot be said that a limitation has been inserted which changes the device from that originally claimed in said canceled claims.

Some of the claims, notably 3, 4, 5, 6, and 9, contain the statement that the "tubular portion" of the electrical indicating device is "slidable" in the air gap of the instrument, instead of the expression "movable endwise," as it appears in the canceled claims. This, it is argued by appellant, constitutes a limitation which renders these claims more specific than the canceled claims, and from which, it is argued, they should be allowed. The Examiner and the Board of Appeals were of opinion that this difference did not render the claims more specific to the extent that the rejection on the ground of estoppel was avoided. We are disposed to agree with the Board in this respect, when the nature of the device and its operation are taken into account.

Again, some of the claims which were rejected state that means are provided for maintaining the indicating member in the air gap at predetermined positions. These claims are 6, 7, 9, 29, 48, and 49. These claims, in this respect, are manifestly broader than canceled claims 11 and 12, which describe an indicating device movable endwise between the poles and pawls, and also having recesses at spaced points in the length of said portions to receive said pawls as specified in claim 11, or, as is stated in canceled claim 12, "also having at spaced points in the length of said portion recesses to receive said pawls." The means so specifically provided for in said canceled claims necessarily accomplish the predetermined spaced relation as is described in the rejected claims above noted.

Special consideration is asked by the appellant for rejected claim 29, and it is called to our attention that this claim calls for "a magnetic member having an air gap in the magnetic path thereof," and an armature "adjustably supported in the air gap at predetermined positions therein for varying the reluctance of the magnetic circuit." It is argued that these two features, "in the essence of appellant's invention, are not included, in the specific and clear manner quoted, in the cancelled claims." The substance of this claim is, in our opinion, included in the canceled claim 15, which provides for a magnetic member having spaced poles and an indicating device with a movable endwise member between said poles, a shaft turnable by its axis in said portion, and an armature on the shaft.

Under the authorities, we think the Board of Appeals committed no error in invoking the rule of estoppel against the appellant's rejected claims. See In re Crowell, 79 F.(2d) 746, 23 C.C.P.A. (Patents) 725; In re Guastavino, 83 F.(2d) 913, 23 C.C.P.A.(Patents) 1179; In re Murray, Jr., 64 F.(2d) 788, 20 C.C.P.A. (Patents) 1046.

The decision of the Board of Appeals is affirmed.

Affirmed.