24 C.C.P.A.(Patents)

## In re FRENCH.
### Patent Appeal No. 3788.

Court of Customs and Patent Appeals.
June 7, 1937.

For former opinion of Court of Customs and Patent Appeals, see 89 F.(2d) 662.

George A. Smith, of Philadelphia, Pa., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This case was argued in this court on March 10, 1937, and an opinion was handed down on May 3, 1937. On May 19, 1937, appellant filed a petition for rehearing and also filed with the clerk of the court a stipulation, not dated, between the counsel for appellant and the counsel for the Commissioner of Patents. Said stipulation is to the effect that amended claim 1 of appellant's original application for patent No. 1,944,158, to which reference was made in appellant's original brief and in the decision of this court, was the same claim as was printed in appellant's brief, which claim reads as follows: "1. The method of producing zinc oxide from by-product zinc residues containing an alkali metal salt and a substantial amount of zinc carbonate, which includes *treating the residue with water to dissolve the alkali metal salt content,* removing the alkali metal salt solution and then calcining the residue." (Italics ours.)

The stipulation recites that it is a reiteration of an oral stipulation to the same effect made at the hearing here on appeal. There being no written stipulation on file and the claim not appearing in the record, this court, without having in mind the oral stipulation, concluded that it must assume that the tribunals below correctly found that the canceled claim contained the elements which the tribunals said it did, and upon that assumption the court affirmed the decision of the tribunals without further reference to the claim.

There is a well-established practice in this court for obtaining from the Patent Office omitted subject-matter necessary and proper to be in records upon appeal. In some instances written stipulations entered into between the parties and filed with the court have been regarded as sufficient to supply the needs. The situation now at bar illustrates the inadvisability of accepting oral stipulations between counsel. If a stipulation was to be entered into and filed subsequent to the oral stipulation, it was the clear duty of counsel to see that it was promptly filed. The practice of suggesting or relying upon such oral stipulations as is here involved is not one to be commended.

However, under the particular circumstances of this case, we feel that appellant is entitled to a consideration of his reason of appeal upon which is based his contention that the tribunals of the Patent Office erroneously rejected some of appellant's appealed claims upon the ground of no inadvertence, accident, or mistake necessary to support their allowance in a reissue application. We, therefore, grant appellant's petition for rehearing, but find it unnecessary to have argument or additional briefs.

The ground of rejection of the examiner and the board which involves a consideration of said canceled, amended claim 1 is that since the appealed claims contain the limitation relating to *treating the residue with water to render the alkali metal salt soluble,* and since appellant in the prosecution of his original patent canceled certain claims which included

canceled, amended claim 1, and which latter claim recited, "treating the residue with water to dissolve the alkali metal salt content," there was no inadvertence shown. Appellant by his reissue application seeks broader claims than those of his patent. In the appealed claims now under consideration the boiling and heating step which was in the patent claims is omitted and there is inserted instead thereof the said step of treating with water. Appellant was privileged to stand upon his rights in the original application and appeal, if necessary. He elected to cancel the claims. On the ground of inadvertence he cannot now claim the same invention, in a reissue application.

We think that canceled, amended claim 1 is for the same invention as is defined by appealed claims 6 to 10, inclusive, and that under the circumstances there was no inadvertence shown by appellant such as is required by the statute and that the board reached the right conclusion.

Since the other questions raised in appellant's appeal have been fully decided and discussed in the original opinion of May 3d, and since our views as to them have not changed, we will not again repeat that discussion here. Nothing else in appellant's petition for rehearing nor in his original brief calls for further consideration by us here.

In view of our conclusion in the matter raised in the petition for rehearing with respect to said canceled, amended claim 1, as well as on the other questions raised, we are of the opinion that the Board of Appeals, for the reasons stated in the decision appealed from, properly affirmed the decision of the examiner rejecting appellant's appealed claims, and its decision is affirmed.

Affirmed.