26 C.C.P.A.(Patents)

### In re GARDNER.

**Patent Appeals No. 3961.**

Court of Customs and Patent Appeals.
Nov. 28, 1938.

Frank M. Slough, of Cleveland, Ohio, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

Gardner here appeals from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the examiner refusing the allowance of all claims, four in number, contained in the final form of an application, serial No. 704,163, filed December 27, 1933, for patent "For Freezer Units."

The specification, inter alia, states:

"This invention pertains to freezers for ice cream and the like, and more particularly to a transportable freezer adapted to freeze a liquid in a relatively short time."

In view of the condition of the record, a statement of the details of the specification is unnecessary to our decision, nor is it necessary to set forth the counts.

It appears from the record that appellant (a citizen of the state of Ohio) on December 19, 1932, filed an application in Canada for patent for a freezer unit, and patent was there granted him on May 9, 1933. It is thus to be seen that his Canadian filing date was more than twelve months prior to his United States filing date, and the tribunals of the United States Patent Office concurred in the holding that he was barred from receiving a United States patent by reason of the provisions of section 4887 of the Revised Statutes, 35 U.S.C.A. § 32, which section, so far as here pertinent, reads:

"No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than twelve months, in cases within the provisions of section forty-eight hundred and eighty-six of the Revised Statutes [section 31 of title], and six months in cases of designs, prior to the filing of the application in this country, *in which case no patent shall be granted in this country.*" (Italics ours.)

It was the contention of appellant before the tribunals of the Patent Office, and it is his contention here in the brief filed in his behalf (there having been no oral argument before us), that he is entitled to the appealed claims because such claims are "directed to a different invention than the claims in the Canadian patent."

The brief on behalf of appellant states:

"It is obvious that to determine whether there is identity of invention under Section 4887, the claims of the United States patent or application must be compared with the claims of the foreign patent and identity or lack of identity found therein. * * *"

With the legal contention so made the tribunals of the Patent Office agreed, and their respective decisions show that an examination was made by them of the claims of the Canadian patent in connection with the claims of the United States application at issue, with the result that they held there was no patentable distinction between the former and the latter.

Pertinent portions of the decision of the examiner read:

"The sole reference relied on is applicant's own Canadian patent: Canadian patent to John H. Gardner, No. 332,410, granted May 9, 1933 on an application (Canadian Ser. No. 395,412) filed Dec. 19, 1932.

"This Canadian application is referred to in the original oath of the present application as 'an application in Canada filed Dec. 19, 1932.'

"* * * * *

"No question has been raised as to the nonidentity as to the disclosure of the U. S. application and that of the Canadian application. Applicant's contention appears to be that the claims of the Canadian patent are broader and that more specific claims should not be denied him in this country notwithstanding the disclosure of his Canadian application. Applicant, in paper #10, gives a copy of all twenty claims of the Canadian patent, only claims 1, 5 and 20 appearing—[in] the 'Canadian Patent Record.' Certainly the claims in issue do not maintain any line of division from the subject of these twenty claims of the Canadian patent. * * *"

In the decision of the board it was stated:

"* * * The disclosure is concededly the same as in the Canadian patent of record, which patent was granted May 9, 1933, on an application filed December 19, 1932. The Canadian application, which matured into this patent, is referred to in the oath attached to appellant's specification. Inasmuch as this Canadian application was filed more than twelve months prior to the present application in this country, it is a statutory bar under Sec. 4887 R.S. unless it can be demonstrated that the claims of the Canadian patent are directed to a different invention than the claims in the present United States application."

In the record brought before us on appeal, appellant caused to be included what appears to be a photostatic copy of "The Canadian Patent Office Record," alluded to in the examiner's statement, as quoted supra, which contains only three claims, but the record does not include the oath of appellant's United States application, nor does it include the paper No. 10, which the examiner stated "gives a copy of all twenty claims of the Canadian patent." (Italics ours.)

The decisions below show that both tribunals of the Patent Office measured the claims of the United States application by certain claims of the Canadian patent, including claims appearing in the paper No. 10, other than the three printed in "The Canadian Patent Office Record," and specifically held that no patentable distinction exists. In the case of In re Pirani and Nitschke, 75 F.2d 223, 22 C.C.P.A., Patents, 1002, we said [page 226]:

"* * * Appellants have not seen fit to include in this record the patent to Lanstrom, cited as a reference. * * * In view of the fact that appellants * * * have not included the Lanstrom patent in the record, we must assume that the statement by the examiner of its disclosure is correct. * * *"

In the instant case there is no explanation of appellant's failure to bring before us, as a part of the record, vital papers upon which the concurring decisions below, in part at least, were based, notwithstanding their absence was quite definitely pointed out in the brief of the Solicitor for the Patent Office filed in this court about twelve months prior to our hearing of the case. Apparently, appellant would have us determine the issue simply by comparing the claims at issue with the three claims appearing in "The Canadian Patent Office Record." Since it is clear that there were other claims in the Canadian patent, we are not at liberty so to limit our comparison.

Obviously, this court is wholly unable to analyze claims of the Canadian patent not before us. The presumption is that the decisions below correctly stated the essential facts and, under such facts as stated, no error of law appears.

The decision of the Board of Appeals is affirmed.

Affirmed.