

Affirmed.

.32 C.C.P.A. (Patents)

## Application of. LANE.

### Patent Appeal No. 4946.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

Hood & Hahn, of Indianapolis, Ind. (Arthur M. Hood, William P. Hahn, and Harold B. Hood, all of Indianapolis, Ind., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellant filed an application, serial No. 120,573, on January 14, 1937, for a patent on an invention relating to internal combustion engines, upon which application a patent issued April 9, 1940, containing 5 claims. During the prosecution of the case the application was several times amended, and many claims were canceled.

On May 28, 1941, appellant filed an application for the reissue of his patent, said application containing the patent claims, numbered 1 to 5, as well as others.

The examiner rejected all of the claims, 1 to 15, 18 and 19. Claims 1 to 15 were rejected as being drawn to a combination held to be old and devoid of patentable novelty, and claims 6 to 15 were further rejected with claims 18 and 19 for the stated reason that appellant was estopped because claims of the same scope had been canceled in the original application by deliberate action rather than through inadvertence, accident or mistake. A third ground of rejection was anticipation by the prior art.

That ground was reversed by the Board of Appeals and therefore need not be considered here. The Board allowed claims 1 to 5, inclusive, but otherwise affirmed the decision of the examiner. Appellant appealed here.

In view of our conclusion that all of the claims on appeal were properly rejected on the ground of estoppel, it will not be necessary to discuss the question of old combination, or to cite or discuss the prior art.

Claim 6 is illustrative of the claims on appeal and reads as follows: "6. In an internal combustion engine having a plurality of cylinders and a piston in each cylinder, a rotor in the nature of a cylinder having a continuous groove in its peripheral face extending twice around the rotor, said groove including a declining reach comprising the power phase thereof and extending through approximately 300°, an ascending reach comprising the exhaust phase thereof and extending through approximately 180° of its rotation and crossing said declining reach, a second declining reach comprising the intake phase thereof extending through approximately 120° of rotation of said rotor, and a second ascending reach comprising the compression phase of said groove extending through approximately 120° of rotation of said rotor, each piston having a connecting rod and a connecting member riding in said groove and connected to said connecting rod, and means for preventing said connecting members from shifting from one reach of said groove to another at a point of intersection thereof."

Claim 20 of the original application, which was rejected as unpatentable and was canceled from the original case, is: "20. In an internal combustion engine, a cylinder having a piston operating therein, a rotor in the nature of a cylinder having a continuous circumferential groove extending twice about the rotor, said circumferential groove being shaped to provide an intake reach effective through 120° rotation of the rotor, a compression reach effective through 120° rotation of the rotor, a power reach effective through 300° rotation of the rotor, an exhaust reach effective through 180° rotation of the rotor, two of said reaches intersecting, a connecting rod connected with the piston, means for guiding the connecting rod in a reciprocatory path, an operating connection between the connecting rod and said groove, and means operated by said connection for selectively bridging said two reaches at their intersection, to lend continuity thereto."

The balance of the appealed claims appear to be broader than said claims 6 and 20 in several minor details. However there has been no distinction made by counsel for appellant as to the patentability of any particular claim. Therefore claim 6 will be compared with said claim 20.

It will be noted that each of those claims relates to an internal combustion engine, and that while claim 20 sets out a single piston and cylinder, claim 6 calls for more than one. That difference is immaterial for the reason that the number used must be considered merely a matter of choice. Both claims call for "a rotor in the nature of a cylinder," having a continuous groove extending twice around the rotor. Each recites a power phase or reach in the groove effective through 300°, an exhaust phase or reach effective through 180°, an intake reach or phase extending through 120°, and a compression reach of 120°. Both claims show the intersection of two of those reaches, claim 20 stating that two of them intersect, while claim 6 specifies the power and exhaust reaches as the intersecting ones. It is evident in claim 20 that the exhaust and power reaches must necessarily intersect, since they adjoin each other and because the two together make a total of 480°. Each of the claims calls for a connecting rod for each piston in operative connection with the cam groove and means for keeping the operating connection in the right groove. Claim 20 is more specific in the recitation of that means than is claim 6. While claim 6 recites that the power and intake phases decline while the exhaust and compression reaches ascend, we agree with the Solicitor that "since these relationships are necessarily inherent in the functions of the reaches, this statement does not constitute a limitation." We think it obvious that the canceled claim 20 contains every structural limitation set out in claim 6, and that appellant, by his deliberate cancellation of the former claim in response to its rejection, and his acceptance of a patent without this claim, conceded that the subject matter is unpatentable over the prior art and he cannot successfully secure such claim in a reissue application. In re White, 57 App. D.C. 355, 23 F.2d 776; In re Guastavino, 83 F.2d 913, 23 C.C.P.A. (Patents) 1179; In re Stanton, 86 F.2d 337, 24 C.C.P.A. (Pat-

ents) 708; In re French, 90 F.2d 113, 24 C.C.P.A. (Patents) 1218.

Appellant contends that the canceled claims of the parent application define nothing, and that therefore the cancellation of nonstatutory claims cannot work an estoppel. We do not agree with such contention of appellant, as in our opinion claim 20 is a statutory claim which might have been allowed had it not been held to be unpatentable over the prior art. Appellant might well have exercised his rights when claim 20 or any of his claims in the original application were rejected. He could have appealed. However, he elected to cancel the claims and now cannot claim the same invention in a reissue application on the ground of inadvertence.

Other contentions of appellant it is not necessary to discuss.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.