43 C.C.P.A. (Patents)

**Matter of the Application of Anna Rosalie Nelson BYERS, Executrix of the Estate of Laud S. Byers, Deceased.**

**Patent Appeal No. 6180.**

United States Court of Customs and Patent Appeals.

Feb. 21, 1956.

Decision of the Board of Appeals affirmed.

Francis C. Browne, Washington, D. C. (George Lynn DeMott, Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. W. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 2 and 3 of the appellant's application No. 192,579 for the reissue of patent No. 2,-513,233 granted June 27, 1950, for "Multiple Jet Blasting Charge."

The appealed claims are as follows:

"2. A blasting unit for shattering rock masses with a minimum of lateral scattering, comprising a container made up of a coplanar circular base having a central inwardly deflected indentation defining a cavity of substantially less diameter than that of said base and leaving a wide annular work-engaging surface, said cavity being formed with two concentric downwardly diverging conical surfaces of revolution, one comprising a complete cone forming the apex of the cavity and having side-walls disposed at an angle of substantially 30 degrees with respect to said base, and the other surface of revolution forming a frustum of a cone connecting the bottom of the apex cone with said base and having its side walls, disposed at an angle of substantially 60 degrees with respect to said base, a shallow thick-walled dome-shaped top secured to said base and forming a umbrella-like blast deflecting surface embracing said indentation, an explosive charge filling said container, and a detonator in said top.

"3. A blasting unit for shattering rock masses with a minimum of lateral scattering, comprising a container made up of a coplanar circular base having a central inwardly deflected indentation defining a cavity of substantially less diameter than that of said base and leaving a wide annular work-engaging surface, said cavity being formed with two concentric downwardly diverging conical surfaces of revolution, one comprising a complete cone forming the apex of the cavity, and the other surface of revolution forming a frustum of a cone connecting the bottom of the apex cone with said base, a shallow dome-shaped top

secured to said base and forming an umbrella-like blast deflecting surface enclosing said indentation, and an explosive charge filling said container."

The claims were rejected by the examiner as unsupported by the original disclosure and as unpatentable over prior art and also on the ground that appellant's reissue application is improper and fails to comply with the statute since the failure to obtain in the original patent the claims now sought by reissue was not due to inadvertence, accident or mistake. The examiner's first two grounds of rejection, however, were not sustained by the board and accordingly will not be considered here.

The device disclosed by the appellant's application is a blasting unit shaped to concentrate the effect of an explosive charge and to reduce lateral scattering. As shown, the unit may comprise a container for the charge having a flat base comprising an annular work-engaging surface in which there is a central cavity, the cavity including an inner conical portion having side walls disposed at an angle of about thirty degrees to the work-engaging surface, and an outer frusto-conical portion, adjoining the inner portion and having its side walls disposed at an angle of approximately sixty degrees to that surface. The diameter of the cavity is described as being about one-third of the diameter of the base.

While the final rejection of appellant's claims was entered prior to the time when the Patent Act of 1952 became effective, the case is now governed by the provisions of that act, and specifically by the first sentence of section 251 of the act, 35 U.S.C. § 251, which reads as follows:

"Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such

patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. * * *"

The issue to be determined here is whether the failure to obtain, in the patent sought to be reissued, claims corresponding to those involved in the present appeal was due to "error" within the meaning of the sentence just quoted. The use of the word "error" in that sentence instead of the words "inadvertence, accident or mistake," which appeared in the corresponding section, 35 U.S.C. § 64, Section 4916 R.S., of the patent statutes prior to the recodification of 1952, does not involve a substantive change, and the same type of error is necessary to justify a reissue after the enactment of the Patent Act of 1952 as before. Moist Cold Refrigerator Co. v. Lou Johnson Co., 9 Cir., 217 F.2d 39, 103 U.S. P.Q. 410; Riley v. Broadway-Hale Stores, 9 Cir., 217 F.2d 530, 103 U.S. P.Q. 414. Accordingly, decisions as to what constituted inadvertence, accident or mistake under the prior law are pertinent here.

The record shows that during the prosecution of the original application which matured into the patent here sought to be reissued, there was presented a claim numbered 20, corresponding exactly to claim 2 of the present appeal, except that the circular base member was described as "flat" instead of "coplanar" as in the appealed claim, and that claim 20 included a limitation that the detonator is "concentric with said conical surfaces of revolution," which limitation does not appear in appealed claim 2.

The Board of Appeals found that "coplanar," which means "lying in the same plane", is synonymous with "flat" in the claims here under consideration, and we agree with that conclusion. Appealed claim 2, therefore, defines the location of the detonator more broadly than did claim 20 as originally presented, but otherwise the two are identical in scope.

Appealed claim 3 is similar to claim 2, but is broader in that it does not specify the angles of the conical and frusto-conical surfaces of the cavity.

A comparison of the claims makes it clear that appealed claims 2 and 3 are drawn to the same invention as was original claim 20 of appellant's original application, and that they are broader in certain respects and not narrower in any respect than that claim. Accordingly the appealed claims, if allowed, would afford the appellant broader protection than would have been received if claim 20 had been allowed as presented instead of being restrictively amended.

Original claim 20 was amended by substituting "coplanar" for flat and by including a further limitation that the cavity was approximately one-third of the diameter of the base and, as so amended, it was allowed. While claim 20 was not technically canceled, the amendment of that claim by the inclusion of an additional limitation had exactly the same effect as if the claim as originally presented had been canceled and replaced by a new claim including that limitation. So far as the right to reissue the patent is concerned, therefore, the case is to be treated as if original claim 20 had been canceled and replaced by the claim on which the patent was granted.

While the record does not show the specific circumstances under which claim 20 was amended, it was stated by the Board of Appeals that such action was a "deliberate amending of claim 20 to secure the patent" and, in the absence of any showing to the contrary, that statement will be accepted as accurate. In re Gardner, 99 F.2d 767, 26 C.C.P.A., Patents, 701; In re Pirani, 75 F.2d 223, 22 C.C.P.A., Patents, 1002. Moreover, the board's statement is in accord with that in the appellant's brief that the examiner agreed to allow the claim of appellant's patent "only on condition that this claim be amended to recite not only the three-to-one relationship between the cavity and the base, but also the specific definition of the cone angles." It is clear, therefore, that the appellant deliberately relinquished claim 20 as it originally stood, in order to obtain the patent.

It is well settled that the deliberate withdrawal or amendment of a claim in order to obtain a patent does not involve inadvertence, accident or mistake and is not an error of the kind which will justify a reissue of the patent including the matter withdrawn. Thus in Dobson v. Lees, 137 U.S. 258, 11 S.Ct. 71, 73, 34 L.Ed. 652, the Supreme Court of the United States said:

"A reissue is an amendment, and cannot be allowed unless the imperfections in the original patent arose without fraud, and from inadvertence, accident, or mistake * * * Hence the reissue cannot be permitted to enlarge the claims of the original patent by including matter once intentionally omitted. Acquiescence in the rejection of a claim, its withdrawal by amendment, either to save the application or to escape an interference, the acceptance of a patent containing limitations imposed by the patent-office, which narrow the scope of the invention as at first described and claimed, are instances of such omission."

Similarly in Shepard v. Carrigan, 116 U.S. 593, 6 S.Ct. 493, 495, 29 L.Ed. 723, the Court said:

"Where an applicant for a patent to cover a new combination is compelled by the rejection of his application by the patent-office to narrow his claim by the introduction of a new element, he cannot after the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent."

The rule set forth in those cases has been repeatedly applied by this court. In re Murray, 64 F.2d 788, 20 C.C.P.A., Patents, 1046; In re Guastavino, 83 F.2d 913, 23 C.C.P.A., Patents, 1179; In re Crowell, 79 F.2d 746, 23 C.C.P.A., Patents, 725; In re French, 90 F.2d 113, 24 C.C.P.A., Patents, 1218; In re Stan-

ton, 86 F.2d 337, 24 C.C.P.A., Patents, 708; In re Lane, 146 F.2d 306, 307, 32 C.C.P.A., Patents, 817. In the last-cited case, it was said that—

"We think it obvious that the canceled claim 20 contains every structural limitation set out in claim 6, and that appellant, by his deliberate cancellation of the former claim in response to its rejection, and his acceptance of a patent without this claim, conceded that the subject matter is unpatentable over the prior art and he cannot successfully secure such claim in a reissue application.  *  *  *

"Appellant might well have exercised his rights when claim 20 or any of his claims in the original application were rejected. He could have appealed. However, he elected to cancel the claims and now cannot claim the same invention in a reissue application on the ground of inadvertence."

■ It is evident that since the deliberate cancellation of a claim in order to obtain a patent constitutes a bar to the obtaining of the same claim by reissue, it necessarily also constitutes a bar to the obtaining of a claim which differs from that canceled only in being broader. That was the holding in In re White, 57 App.D.C. 355, 23 F.2d 776, and in In re Murray, supra [64 F.2d 791], this court quoted with approval the following statement from Ex parte White 1928 C.D. 6:

" 'The deliberate withdrawal of a claim in order to secure a patent is conclusive of the presumption that there has been no inadvertence, accident, or mistake, and the invention thus abandoned cannot be regained either by construing the claims of the patent broadly or by obtaining a reissue with broadened claims. The rule is the same whether the claims sought by reissue or otherwise are identical, substantially the same, or broader than the abandoned claims.' "

Similarly, in In re Wadsworth, 107 F. 2d 596, 27 C.C.P.A., Patents, 735, it was held that the cancellation of a claim from an original application on which a patent was granted, reciting a process including two steps in a specified order, precluded the obtaining by reissue of the patent of a similar claim which was broader than that canceled in that it did not specify the order in which the steps were performed.

■ We are of the opinion that the appellant's action in limiting the scope of original claim 20 by amendment constituted a deliberate withdrawal of that claim as originally presented, in order to obtain a patent, and that such withdrawal is a bar to the obtaining by reissue of claim 20 as it originally stood, or of any claim differing therefrom only by being broader. Appealed claims 2 and 3, as above noted, differ from original claim 20 as presented, only in that they are broader than that claim.

The appellant relies particularly on the decision of the Patent Office Board of Appeals in Ex parte Lumbard, 47 U.S. P.Q. 523. That case involved an application for reissue containing claims which were broader than those granted in the patent, but narrower, in at least one respect, than a claim presented and canceled during the prosecution of the original application on which the patent sought to be reissued was granted. In holding the claims of the reissue application allowable, the board noted that they were intermediate in scope between the broad claims withdrawn from the original application and the very limited claims allowed in the patent, and indicated that that cancellation of the broad claims did not necessarily act as an estoppel against the assertion of the more limited claims, intermediate between those canceled and those allowed in the patent.

■ It is stated in the appellant's brief that claims 2 and 3 of the present appeal are intermediate in scope between certain broad claims which were canceled from appellant's original application and the limited claim allowed in the patent. Assuming that to be the case, it would not entitle appellant to the reissue

sought here. The rejection is not based on the cancellation of the broader claims referred to in appellant's brief but on the limiting amendment which was of such a nature as to bar the allowance in a reissue application of the claims here on appeal. The fact that there were other claims whose cancellation did not constitute such a bar is immaterial. The Lumbard case is clearly distinguishable from the present one in that, so far as appears, there was no claim withdrawn from the original application of Lumbard which was of the same scope as, or a more limited scope than, the claims of the reissue application, whereas in the present case, claim 20 of the original application, prior to its amendment, was more limited than the claims of the reissue application.

 The appellant's brief also stresses the argument that the limiting amendment of claim 20 resulted from the fact that appellant felt it necessary to obtain a patent quickly, from commercial considerations and did not wish to incur the delay incidental to seeking to obtain broader protection. Emphasis is also placed on the facts that the application for reissue was filed very promptly after the patent was granted and that the Board of Appeals reversed the holding by the Primary Examiner that the appealed claims were unpatentable over the prior art. However, since the error involved in failing to obtain the present appealed claims in appellant's patent was not of the kind contemplated by 35 U.S.C. § 251, the specific circumstances under which it occurred, the diligence with which correction was sought and the question of patentability of the appealed claims over the prior art are not material.

The granting of reissues is limited by statute to cases in which an original patent is defective "through error," and "error" as used in the applicable statute as above stated, means inadvertence, accident or mistake, 35 U.S.C. § 251. Since the failure of the applicant to obtain the claims now sought by reissue in the original patent was not due to inadvertence, accident or mistake, a reissue cannot properly be granted.

Upon careful consideration of this entire case, we are in agreement with the Board of Appeals that the omission from appellant's patent of claims corresponding to those here on appeal did not involve "error" within the meaning of 35 U.S.C. § 251, and that the rejection of those claims in the reissue application was therefore proper.

The decision of the Board of Appeals is affirmed.

Affirmed.