**BALDWIN–LIMA–HAMILTON CORPORATION and Edward E. Simmons, Jr., Plaintiffs-Appellants**

v.

**TATNALL MEASURING SYSTEMS COMPANY and Budd Company, Defendants-Appellees.**

**No. 12846.**

United States Court of Appeals
Third Circuit.

Argued May 7, 1959.

Decided May 20, 1959.

Rehearing Denied Aug. 5, 1959.

396

Walter J. Blenko, Pittsburgh, Pa. (Arthur Littleton, Philadelphia, Pa., Walter J. Blenko, Jr., Pittsburgh, Pa., on the brief; Morgan, Lewis & Bockius, Philadelphia, Pa., Edward A. Hathaway, Waltham, Mass., Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., of counsel), for plaintiffs-appellants.

Joseph W. Swain, Jr., Philadelphia, Pa. (Dexter N. Shaw, Thomas N. O'Neill, Jr., Montgomery, McCracken, Walker & Rhoads, John C. Dorfman, Howson & Howson, Philadelphia, Pa., on the brief), for defendants-appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

Plaintiff appeals from the finding of misuse of the suit patent.

We agree with the district court that the test body is not an element of the patent which is for a gage per se.

The limitation on use of the gage imposed by appellant, as found by the district court, consists of a flat refusal to sell it to prospective purchasers desirous of using it with strain sensitive apparatus of a type manufactured by Baldwin or its licensees unless the purchase included such apparatus from Baldwin or its licensees. The district court was clearly right in holding: "The enforce-

ment of this policy constituted an illegal expansion of the monopoly conferred by the Simmons patent on the gage per se beyond that contemplated by the patent grant. This misuse is a bar to the enforcement of the patent against the defendants regardless of whether plaintiffs' activities constituted a violation of the anti-trust laws."

The judgment of the district court will be affirmed upon the opinion and particularly the supplemental opinion of Judge Steel.

Sur Petition for Rehearing.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The petition for rehearing, if anything, makes it clearer than ever that 1. the test body is not an element of the patent, which is for a gage per se, and 2. that appellant Baldwin-Lima-Hamilton Corporation illegally limited the use of the Simmons gage by refusing to sell it by itself to prospective customers who wished to use it with strain sensitive apparatus of a type manufactured by appellant Baldwin-Lima-Hamilton Corporation and its licensees.

The petition for rehearing will be denied.

BIGGS, Chief Judge (dissenting).

The court has extended greatly the patent misuse principle. This extension, applied full force, could prohibit a patentee from employing his invention as a component even in an apparatus of his own manufacture.

I conclude that the test body is a material element in the claimed invention, as the court below first held, and that Section 271, Title 35 U.S.C., may be applicable.

The issues involved are of such far-reaching importance as to render desirable rehearing before the court en banc.

For these reasons I must dissent from the order denying rehearing.