**SIGNAL MANUFACTURING CO.,**
Plaintiff,

v.

**GENERAL ELECTRIC COMPANY,**
Defendant.

Civ. A. No. 61–790.

United States District Court
D. Massachusetts.

March 29, 1963.

Richard F. Walker, Roberts, Cushman & Grover, Boston, Mass., for plaintiff.

Herbert P. Kenway, Kenway, Jenny & Hildreth, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This a patent infringement action involving a gravity dispensing valve assembly for use with floor treating apparatus. The patent in suit, No. 2,990,-979, granted July 4, 1961, was issued to the plaintiff on an application filed by R. G. Harrison and Joseph W. Manning. The defendant denies infringement and challenges the validity of the patent.

### Findings of Fact

The plaintiff, a Massachusetts corporation, is engaged in the manufacture and sale of floor treating appliances—cleaners and polishers—and of liquid waxes to be used therewith. In the spring of 1958 the plaintiff's president directed Messrs. Harrison and Manning, two employees of the plaintiff, to devise an inexpensive, removable liquid dispenser arrangement which could be used on the plaintiff's floor polisher with the standard commercial wax or detergent can as the liquid reservoir. After working on the problem intermittently through the summer, they eventually arrived at the valve arrangement disclosed in the patent in suit for which application was filed in January 1959.

The patent, which is entitled "Attachment for Floor Treating Apparatus," describes "a means for attaching the container of a 'brand' cleaning or polishing compound, as it is purchased, to the handle of the apparatus, and means for controlling the flow of the content of the container therefrom to the applicator of the apparatus." However, only the latter is claimed as the invention.

The valve control arrangement, to which claims 1 and 2 [1] (the only claims in issue) are directed, consists of a threaded cap, which fits containers of brand waxes and cleaning compounds, having in its face a hole through which depends a flanged valve block. The valve block is provided with two passages, the smaller of which is a ball check valve designed to admit air into the container as the liquid flows out through the second, larger passage. Anchored within the outflow passage is a long, flexible tube leading to the brush of the polisher or cleaner which is normally held closed by a resilient metal finger which also depends from the valve block and which pinches the tube against the bevelled end of the discharge passage. To permit the outflow of liquid the finger is pulled up

---

1. Claim 2 reads: "A valve assembly for controlling the flow of fluid from a container of fluid having a discharge spout threaded to receive a closure cap, comprising a threaded cap for engagement with the spout of the container, said cap containing a hole through its top, a valve block having a flange disposed in the cap, said block containing a bleeder passage and a check valve therein for admitting air to the container, but normally checking flow of the content from the container, and containing a discharge passage which extends from the interior to the exterior of the cap, a flexible tube, means fixing one end of the tube in the discharge passage, an abutment formed integrally with and depending from the block through the cap along one side of the tube adjacent the discharge opening exteriorly of the cap, a finger depending from the block and having a portion located opposite the abutment so that the tube passes therebetween, said portion of the finger opposite the abutment yielding pressing the tube to hold it collapsed against the abutment, and a pull member connected to the finger operable to pull the finger away from the abutment to release the tube."

by means of a pull cord and the pressure on the tube is thereby released.

## Validity

This is not a great invention. The patent does not disclose a great advance over the prior art which, as a matter of fact, teaches nearly every element of the claims in issue; and the file wrapper shows that the application was twice rejected because of the prior art. The patent finally issued, after the applicants' solicitor had an interview with the examiner, in view of the unique construction of "an abutment formed integrally with and depending from the block * * * and having a portion located opposite the abutment so that the tube passes therebetween." Claim 2.

The defendant now points to two patents, No. 729,423 to E. Scheiber and E. Kwaysser, and No. 2,652,222 to D. A. McCowan, which were not before the examiner and which, it argues, disclose exactly the combination which moved the examiner to issue the patent. Therefore, precisely the features which were thought to be patentable are alleged to have been anticipated; and the issuance of the patent was a mistake.

The Scheiber patent is for a syphon-bottle stopcock in which the discharge passage is formed with a hump against which a flexible tube is collapsed with a spring-operated lever. McCowan discloses a collapsible valve for dispensing liquids in which the flexible discharge tube is closed by means of a horizontal slide which pushes the tube against a stationary pressure member. Neither patent discloses an abutment depending from the valve block and which is an integral part thereof, and neither patent includes the resilient finger feature of the patent in suit. I, therefore, find that the patent in suit is not anticipated by Scheiber or McCowan.

The defendant contends also that the claims are invalid for lack of invention. While, as I have said above, the invention does not represent a great leap forward in the already very crowded dispensing field, it, nonetheless, was an advance over the prior art and it was not, I find, an obvious one. None of the prior art patents disclosed the exact same combination of elements as the claims in suit and none of them successfully solved all the problems solved by the plaintiff's invention. The screw cap of the patent in suit can be used on commercial cans eliminating a separate reservoir and the nuisance and waste attendant upon transferring liquids from one container to another. The valve assembly can be inexpensively manufactured; it can be quickly and simply cleaned and transferred from use with one compound to use with another; and it is easily operated and efficient. The device was, unlike the prior attempts, immediately successful and commercialized. The fact that the person who developed the defendant's assembly tried at least three or four different approaches before arriving at an arrangement quite similar to the plaintiff's, indicates that the invention was not obvious.

## Infringement

The defendant denies infringement on the ground that it does not employ the resilient finger which pinches the tube against the abutment to prevent the outflow of liquid. Instead, the defendant uses a coil-spring actuated lever which is mounted between a pair of apertured ears on the valve block.

Claims 1 and 2 contain as one essential element a finger depending from the valve block which yieldingly presses the flexible tube against the abutment.

For purposes of determining whether an accused device infringes the claims, they are to be interpreted not only in the light of the specifications but also with reference to the file wrapper history. Baldwin-Lima-Hamilton Corp. v. Tatnall Measuring Systems Co., 169 F. Supp. 1 (E.D.Pa.1958), aff'd 268 F.2d 395 (3d Cir. 1959), cert. den. 361 U.S. 894, 80 S.Ct. 190, 4 L.Ed.2d 151 (1959).

As pointed out above, the application was rejected repeatedly as representing no advance over the prior art until the feature of the resilient finger

depending from the valve block was stressed to the examiner. This element, the accused device does not contain. While the defendant's lever does perform substantially the same function as the plaintiff's resilient finger, I find that it does not infringe, as the claims of the patent must, in the light of the prior art and the file wrapper history, be construed very narrowly. Thomas v. Simmons Co., 126 F.2d 743 (7th Cir. 1942); Weiss v. R. Hoe Co., 109 F.2d 722, 727 (2d Cir. 1940), cert. den. 310 U.S. 639, 60 S.Ct. 1085, 84 L.Ed. 1407 (1940).

### Conclusion of Law

From the foregoing, I find and rule that claims 1 and 2 of patent No. 2,990,979 are valid but not infringed.

Judgment may be entered for the defendant.