## LAVELLE AIRCRAFT CORPORATION
### v.
### The UNITED STATES.
### No. 146-60.

United States Court of Claims.

April 15, 1966.

---

1. This court held expressly that the district court had exclusive jurisdiction.

John F. Neary, Jr., New York City, attorney of record, for plaintiff. Albert Sperry, Norman P. Rousseau and Brumbaugh, Free, Graves & Donohue, New York City, of counsel.

John E. Kidd, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM.*

This is a patent suit under the provisions of 28 U.S.C. § 1498 for the alleged unauthorized use and manufacture by and for the U. S. Government of a patented invention. It is found that the claimed invention has not been used by the defendant.

The subject matter of this case concerns the aircraft control means disclosed and claimed in claim 2 of U. S. Letters Patent 2,557,829, granted June 19, 1951, to Thomas B. Lavelle on an application for patent filed November 7, 1947. The plaintiff is the sole owner of the entire right, title, and interest in said Letters Patent 2,557,829, the written assignment having been duly recorded in the U. S. Patent Office on November 13, 1959. The patent disclosure and the patent claim in suit are described in detail in the accompanying findings of fact.

* This opinion is based, with changes and added discussion, on the opinion prepared, at the direction of the court, by Trial Commissioner Donald E. Lane.

The present suit is based on alleged use of the invention claimed in plaintiff's patent in the lateral control systems of the A3J and A5C aircrafts, procured by the defendant during the 6-year period preceding the filing of plaintiff's petition. The A3J aircraft was the predecessor model to the A5C aircraft. The parties have agreed that, for purposes of this suit, the lateral control systems of the two models are substantially identical.

Defendant has raised a number of defenses to the charge of unauthorized use including allegations that the patent claim in suit is invalid in view of the prior art, that the patent claim is not supported by an adequate disclosure and is indefinite, and that even if the patent claim is valid the accused aircraft do not infringe the claim in suit.

In urging invalidity as a defense, defendant has referred to numerous prior patents and publications as showing the crowded state of the art at the time of filing of the application for the patent in suit. The defendant has specifically relied upon four prior patents and one prior publication as anticipatory of the patent claim in suit. These prior items are identified in finding 20.

The patent claim in suit is set out in full in finding 12 and defines in detail an aircraft wing structure having an inclined slot adapted to be covered at the top by a pivoted surface called a *spoiler* and a pivoted surface at the bottom called a *scoop,* and having means for moving the spoiler and the scoop to different but related positions.

The only issue we decide is the breadth or scope to be accorded the claim in suit. Specifically, this claim (claim 2) recites means for moving the spoiler and scoop to *"different but related positions."* In the accused lateral control system the spoiler is differentially opened relative to the scoop through an angular ratio of approximately 2 to 1. The plaintiff alleges that claim 2 must be read to include the differential operation of the spoiler and scoop of the accused structure. The patent in suit is not for a pioneer type invention but, rather, is located in a crowded art. Such patents, in general, are not construed broadly but with careful attention to the specifications, prior art, and other relevant factors. See Dominion Magnesium, Ltd. v. United States, 320 F.2d 388, 392, 394, 162 Ct.Cl. 240, 246–247, 249–250 (1963). Here, the prior art discloses patents and publications using (i) some combination of scoop, slot, and spoiler, and (ii) at least some differential movements between various elements of an airfoil, including certain different but related movements between a scoop and spoiler. Against this background, the term "different but related positions" in claim 2, if the claim were to be held valid, would normally not be read generously but narrowly. Moreover, the specifications of patent '829 here in suit—"it is fundamental that claims are to be construed in the light of the specifications \* \* \*" (United States v. Adams, 86 S.Ct. 708, decided Feb. 21, 1966)—emphasize, not the general phrase "different but related positions," but a particular differential operation by which the lower scoop operates initially before, prior to, or more rapidly than the upper spoiler. See findings 7–10. It is clear that the accused structures do not operate in that way.

Finally, it is significant that the patentee found it necessary during prosecution of the application for the patent in suit to rely heavily on certain interpretations given to specific language in the claim in order to obtain allowance thereof. The specific arguments and interpretations relied upon by the patentee are described in detail in finding 11. They show the claim as involving the more rapid opening of the scoop than the rise of the spoiler (a method not used by defendant's system).

For purposes of determining whether or not an accused structure infringes a claim, the claim must be inter-

**1008**

preted not only in light of the specification but also with reference to the statements made to secure the allowance of patent claims. Graham v. John Deere Co., 86 S.Ct. 684, decided Feb. 21, 1966; Kuhne Identification Systems, Inc. v. United States, 82 Ct.Cl. 237, 259 (1936); Signal Mfg. Co. v. General Electric Co., 217 F.Supp. 734, 736 (D.Mass.1963); Baldwin-Lima-Hamilton Corp. v. Tatnall Measuring Systems Co., 169 F.Supp. 1 (E.D.Pa.1958), aff'd per curiam, 268 F.2d 395 (C.A.3, 1959), cert. denied, 361 U.S. 894, 80 S.Ct. 190, 4 L.Ed.2d 151 (1959). This is particularly true in order to determine the interpretation placed on the claim language by the patentee himself. Jones v. United States, 100 F.Supp. 628, 652–653, 120 Ct.Cl. 747, 788–789 (1951). The patentee filed at the request of the Patent Office a sworn statement in the form of an affidavit, discussed in finding 11, to substantiate the arguments and statements made to the examiner. The patentee's actions and arguments before the Patent Office must be carefully considered and, under these circumstances, require a narrow construction of the claim. See Great Lakes Carbon Corp. v. Continental Oil Co., 219 F.Supp. 468, 481 (W.D.La. 1963).[1]

■ In view of the limitations required by the prior art, the specification, and the applicant's statements before the Patent Office, it is concluded that claim 2 has not been infringed by the lateral control system of the defendant's A3J aircraft. Accordingly, we find it unnecessary to consider the validity or invalidity of claim 2.

The plaintiff is not entitled to recover and its petition is dismissed.

1. Plaintiff relies on a number of Second Circuit cases (see Haliczer v. United States, Ct.Cl., 356 F.2d 541, decided Feb. 18, 1966) rejecting, in some circumstances, statements by a patent-claimant's attorney to the Patent Office as ground for invoking file-wrapper estoppel. We are not certain of the present status of those decisions even within the Second Circuit, but in any event we do not think they should be read as precluding use of the prosecution history as an aid to inter-

preting the true meaning of the claim (rather than to establish the technical defense of estoppel) where the applicant has taken a deliberate, formal position, as here, to induce allowance of the claim. Cf., Westinghouse Electric Corp. v. Hanovia Chem. & Mfg. Co., 179 F.2d 293, 297 (C.A.3, 1949); Southern States Equipment Corp. v. USCO Power Equipment Corp., 209 F.2d 111, 121 (C.A.5, 1953).