**SKEGA AKTIEBOLAG and The Allen Pump Company, Plaintiffs-Appellants,**

v.

**The B. F. GOODRICH COMPANY, Defendant-Appellee.**

No. 19292.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 1970.

Blythe D. Watts, Cleveland, Ohio, and John C. Dorfman, Philadelphia, Pa., for plaintiffs-appellants; H. F. Schneider, Watts, Hoffmann, Fisher & Heinke, Cleveland, Ohio, on the brief; Thomas S. Weary, Philadelphia, Pa., of counsel.

Frederic M. Bosworth, Cleveland, Ohio, for defendant-appellee; Arthur L. Cain, Roy F. Hollander, Bosworth, Sessions, Herrstrom & Cain, Cleveland, Ohio, on the brief; Harold S. Meyer, Akron, Ohio, of counsel.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

Skega Aktiebolag and its licensee, the Allen Pump Company [hereinafter "Appellants"], filed this action in the United States District Court for the Northern District of Ohio, Eastern Division, complaining that the B. F. Goodrich Company [hereinafter "Appellee"] had infringed the Appellants' patent on a lining for a rotary ball mill. The Appellee counterclaimed for a declaration that the patent was invalid. 35 U.S.C. § 103 (1952). After a trial, the District Court entered judgment for the Appellee.

Rotary ball mills, which are principally used for grinding ore, are slowly rotating horizontal cylinders about half full of a "charge" of hard rock balls or steel balls mixed with ore. As the ball mill rotates the charge is lifted or carried up the ascending side of the cylinder by friction between the charge and the lining, by the centrifugal force generated by the rotation, and, to some extent, by projections on the surface of the lining known as "lifting means." At the point where the force of gravity on the charge exceeds the forces described above the charge tumbles back down over itself. This tumbling action produces collisions between the hard balls and the ore, resulting in the pulverization of the ore. As the mill rotates, unground ore is fed in through one end of the cylinder, and the ground ore is discharged through a mesh or grate in the other end. Because of the intense friction on the walls of the mill, it is essential that the cylinder, i. e., the ball mill shell, have a lining which can be replaced when worn out.

The patent in suit, No. 3,107,867 [hereinafter "Svensson" patent], is on a rubber wear lining for a rotary ball mill. The patent makes eleven claims, three of which the Appellants charged were infringed by the Appellee's lining.[1] Translated, these claims describe a rubber wear lining composed of two kinds of alternating rubber slabs, called lifting means and lining plates. [See Appendix 1.] The lifting means have internal slots in which metal bars are inserted. Bolts from the metal bars to the ball mill shell not only secure the lifting means, but the pressure exerted on the longitudinal edges of the lining plates by the bar, bolt, and lifting means also holds the lining plates firmly to the wall of the drum.

The District Court held that this combination of separate rubber lifting means and separate lining plates disposed between and held in the drum by the lifting means, was well within the scope of the prior art. Examination of the prior patents in the art of grinding mill linings indicates that this finding is not clearly erroneous. The Porteous patent, No. 2,058,057 [Appendix 2], comprised the same features and used identical retaining means, i. e., lining plates disposed between and held in place along their longitudinal edges by rubbercoated metal bars homologous to the Svensson lifting means. The Haushalter patent, No. 1,921,672 [Appendix 3], contained the same features and employed virtually identical retaining means, except in Haushalter the lifting means were metal. In Lawler, No. 1,315,025 [Appendix 4], and Read, No. 1,986,530 [Appendix 5], virtually the identical combinations were present, however, the analogues of the Svensson lifting means and lining plates were made entirely of metal rather than rubber.

■■ We find no merit in the Appellants' contention that the art of securing rubber tires to metal rims is not analogous to the art of securing lifting means to ball mill shells. The test for analogous arts is similarity of elements, problems, and purposes.

"To ascertain whether two arts are analogous, heed must be given not merely to their physical differences but particularly to the differences in their problems and the means and methods of solving them." Baldwin-Lima-Hamilton Corp. v. Tatnall Measuring Systems Co., 169 F.Supp. 1, 14, aff'd on other grounds, 268 F.2d 395 (3d Cir. 1959).

The District Court found that both arts employ similar means and elements to clamp rubber to metal:

"The stresses, forces and loads per unit area tending to abrade, wear and detach such tires from their rims are of the same, or substantially the same nature and kind and of similar or greater magnitude than those to which such lifters are subjected in the drums of ball mills."

The District Court properly found that if Svensson's use of the metal clamping bar to hold the lifting means in place was novel at all, in light of the prior Porteous patent, it was merely a new use for a clamping means (originally em-

1. "What we claim is:
1. Wear lining of rubber for rotary drums, comprising a plurality of adjacent sections of separate rubber lifting means and separate rubber lining plates disposed between the said lifting means, the said lifting means being provided with an internal slot having bars inserted therein, said bars having threaded pins welded thereon for holding the lifting means.
2. Wear lining of rubber for rotary drums, comprising a plurality of adjacent sections of separate rubber lifting means and separate rubber lining plates disposed between the said lifting means, the said lifting means being provided with an internal slot wherein bars having threaded holes are inserted for holding the lifting means.

\* \* \* \* \*

8. Wear lining according to claim 7, and in which the rubber lining plates are held to the wall of the drum by a pressure exerted by the lifting means on the bottom walls of the recesses in the longitudinal edges of the rubber lining plates.

\* \* \* \* \*

ployed on bicycle tires) that was 70 years old at the time this patent was granted. *See* Strauss patent, No. 449,-502 [Appendix 6], and Overman patent, No. 1,092,078 [Appendix 7].

The District Court not only found that every element of the Svensson patent was old and within the scope of the prior art, but also that it was obvious at the time the invention was made to persons having ordinary skill in the art of clamping rubber to metal. 35 U.S.C. § 103 (1952). In so crediting the testimony of the Appellee's experts we cannot say that the District Court erred in fact or law. Rule 52(a), Federal Rules of Civil Procedure.

The Appellants protest that theirs is the first commercially successful rubber ball mill lining. However, commercial success is not proof of patent validity. *See* Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L. Ed.2d 545 (1966); Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 90 S.Ct. 305 (U.S.S.Ct., Dec. 8, 1969).

"Commercial success is a relevant consideration only in a close case; it does not by itself establish the validity of a patent." Kaiser Industries Corp. v. McLouth Steel Corp., 400 F.2d 36, 42 (6th Cir. 1968).

The judgment of the District Court is affirmed.

Appendix 1

Oct. 22, 1963     A. N. SVENSSON ET AL     3,107,867
WEAR LINING

Filed Feb. 23, 1962     2 Sheets—Sheet 1

FIGURES 3, 4
OF THE
PATENT IN SUIT

(drawn to the
same scale)

## FIG. 3

- Lifting Means (Rubber)
- Metal Bar
- Lining Plate (Rubber)
- Metal Pin
- Ball Mill Shell
- Nut

## FIG.4

[A918]

Appendix 2

Oct. 20, 1936.    J. A. PORTEOUS    2,058,257
RETAINING MEANS FOR RUBBER LININGS
Filed April 27, 1935

Fig. 1.

Fig. 2.

Ball Mill Shell
Metal Pin
Metal Bar
Lining Plate (Rubber)

Lifting Means
(Rubber)

[A910]

Appendix 3

Aug. 8, 1933.    F. L. HAUSHALTER    1,921,672
BALL MILL LINING
Filed Dec. 21, 1931

Fig-2

[A920]

# 1362

E. W. LAWLER.
LINING FOR TUBE MILLS.
APPLICATION FILED DEC. 10, 1917.

**1,315,025.**

Patented Sept. 2, 1919.
2 SHEETS—SHEET 1.

Fig. 2.

[A921]

Jan. 1, 1935.     A. M. READ     1,986,530

GRINDING MILL

Filed Sept. 10, 1932

Fig. 3.

Appendix 6

(No Model.)

**A. STRAUS.**
RUBBER TIRE FOR VEHICLES.

No. 449,502. Patented Mar. 31, 1891.

FIG . III

[A922]

Appendix 7

**M. C. OVERMAN.**
VEHICLE TIRE.
APPLICATION FILED DEC. 16, 1910.

1,092,078. Patented Mar. 31, 1914.
2 SHEETS—SHEET 1.

COMPRESSED 1"

Fig. 2.

[A923]