**Application of Michio ORITA et al.**

**Patent Appeal No. 76–625.**

United States Court of Customs
and Patent Appeals.

March 10, 1977.

---

Kenneth J. Stempler, New York City (Bierman & Bierman, New York City), attorneys of record, for appellants.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals (board), adhered to on reconsideration, affirming the rejection of claims 5–8 in appellants' application for reissue.[1] We affirm.

### Background

Appellants filed original application serial No. 598,590 on December 2, 1966 (application I). As filed, that application contained

the following: (1) claims 1–4 to compounds and a method for their preparation, and (2) dependent claims 5–8 to a color-developable coating composition, an emulsion, and a coated sheet. The coating composition, emulsion, and coated sheet all recited, as an essential component thereof, a compound of generic claim 1. The examiner required restriction between these two sets of claims, pursuant to 35 USC 121.[2] Appellants' counsel, by telephone, elected the compound and compound-preparation claims and preserved the right to traverse the restriction requirement. However, the traverse was never perfected. During prosecution, three compound claims were allowed, and appellants were notified by examiner's amendment that the non-elected claims to coating composition, emulsion, and coated sheet had been cancelled, as authorized by appellants' counsel in a telephone conversation. The last paragraph of the examiner's amendment, dated December 20, 1968, reads:

No traverse is noted in applicants' response to the restriction requirement. Non-elected claims 5–8 have been canceled as authorized by applicants' attorney [in a telephone conversation of December 12, 1968] * * *.

Upon payment of the final fee, application I matured into U.S. 3,442,908, issued on May 6, 1969.

Appellants filed serial No. 140,287 on May 4, 1971 (application II) for reissue of their patent, presenting therein the three compound claims of their patent *and* four additional claims substantially identical to the originally non-elected claims. In support of application II, appellants filed a

1. Serial No. 195,468, filed November 3, 1971, entitled "6 Dialkylaminofluorans and Product[s] made Therefrom." Claims 5–8 are the only claims in the case.

2. 35 USC 121 reads in pertinent part:
   § 121. *Divisional applications.*
   If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of section 120 of this title it

shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference either in the Patent and Trademark Office or in the courts against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application. * * *

reissue declaration under 37 CFR 1.175,[3] wherein they averred, inter alia:

> Applicants verily believe that the original patent, through error without deceptive intention, is partially inoperative by reason of the patentee claiming less than he had a right to claim in the patent for the following reasons: * * *

By way of explanation why patentee is "claiming less than he had a right to claim in the patent," appellants indicated that they had forgotten to timely file a divisional application covering the originally non-elected subject matter.[4] Appellants further averred that their failure to file the divisional application was an error without any deceptive intention. The examiner rejected the claims in application II, and this application became abandoned for failure to respond.

However, appellants timely filed the present application (application III) as a division of reissue application II, application III containing only claims 5–8, which are substantially identical to the originally non-elected claims. The examiner rejected the claims in application III on the ground that appellants have not established the requisite error to justify granting a reissue patent, 35 USC 251, para. 1.[5] The Board affirmed, and the appeal to us followed.

### The Board

The board held that, under the circumstances of this case, failure to file a timely divisional application cannot be corrected by reissue. Reviewing the history of application I, the board found that the prosecution thereof was entirely error-free, and the resulting patent was likewise error-free. In the board's view, the error in failing to file a timely divisional application in order to obtain a divisional patent is akin to an error in failing to file an application before a statutory bar arises. Appellants' error, the board found, cannot be related back as an error correctable by reissue. Regarding the pre-1952 cases of *In re Cornell*, 150 F.2d 702, 32 CCPA 1251, 66 USPQ 320 (1945), and *In re Smyser*, 135 F.2d 747, 30 CCPA 1093, 57 USPQ 402 (1943), as pertinent, the board held that appellants have not established the requisite error to justify granting a reissue patent.

3.  37 CFR 1.175 reads:
    § 1.175 *Reissue oath or declaration.*
    (a) Applicants for reissue, in addition to complying with the requirements of the first sentence of § 1.65, must also file with their applications a statement under oath or declaration as follows:
    (1) When the applicant verily believes the original patent to be wholly or partly inoperative or invalid, and the reasons why.
    (2) When it is claimed that such patent is so inoperative or invalid "by reason of a defective specification or drawing," particularly specifying such defects.
    (3) When it is claimed that such patent is inoperative or invalid "by reason of the patentee claiming more or less than he had a right to claim in the patent," distinctly specifying the excess or insufficiency in the claims.
    (4) Particularly specifying the errors relied upon, and how they arose or occurred.
    (5) That said errors arose "without any deceptive intention" on the part of the applicant.
    (b) Corroborating affidavits or declarations of others may be filed and the examiner may, in any case, require additional information or affidavits or declarations concerning the application for reissue and its object.

4.  From the reissue declaration, it is apparent that appellants were reminded of their failure to timely file a divisional application by U.S. 3,514,310, which issued to another on May 26, 1970, "for the subject matter of the non-elected invention."

5.  35 USC 251, para. 1, reads as follows:
    § 251. *Reissue of defective patents.*
    Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue.

**1280**

## ISSUE

The issue before us is whether appellants have established the requisite error under 35 USC 251, para. 1, to justify granting a reissue patent containing claims substantially identical to those originally non-elected in application I.

## OPINION

We are in substantial agreement with the board's analysis of this case. Although appellants undoubtedly erred by failing to file a timely divisional application in order to obtain a divisional patent, it does not follow that such error caused the original patent to be "partially inoperative by reason of the patentee claiming less than he had a right to claim in the patent" as appellants aver in their reissue declaration under 37 CFR 1.175. We agree with the board that the prosecution of application I and the patent resulting therefrom were error-free. Patentees claimed exactly what they had a right to claim in the patent, no more nor less, and appellants' failure to timely re-file does not change this fact. As the board stated, "Appellants' error cannot be related back as an error correctable by reissue of the original patent under 35 U.S.C. 251."

We further agree with the board that the pre-1952 *Cornell* and *Smyser* cases, cited supra, are pertinent. The basic facts in those two cases and the case at bar are the same. In the two older cases, we held that appellants therein were estopped from obtaining by reissue claims which, because of a requirement for restriction in which they had acquiesced, they could not claim in their patent. Having deliberately cancelled

claims to non-elected subject matter, we said, appellants could not successfully contend that their failure to include such claims in their patent was due to "inadvertence, accident, or mistake" as provided in section 64 of former Title 35 (R.S. section 4916; Act of May 24, 1928, ch. 730, 45 Stat. 732).[6]

In the case at bar, as in *Cornell* and *Smyser*, appellants acquiesced in the examiner's requirement for restriction.[7] Such action manifestly was not "error" causing patentee to claim "less than he had a right to claim in the patent" in the language of current section 251. In this regard, we have previously concluded that the substitution of "error" in section 251 for "inadvertence, accident, or mistake" in former R.S. section 4916 did not involve a substantive change. *In re Wadlinger*, 496 F.2d 1200, 1207, 181 USPQ 826, 831 (Cust. & Pat.App. 1974); *In re Byers*, 230 F.2d 451, 43 CCPA 803, 109 USPQ 53 (1956). See also A. R. McCrady, Patent Office Practice Section 218 (4th ed. 1959). Accordingly, appellants have not established the requisite error under 35 USC 251, para. 1, to justify granting a reissue patent. This is so regardless of appellants' emphasis on their failure to timely file a divisional application covering the originally non-elected subject matter, which is not germane to any error in the prosecution of application I or in the patent resulting therefrom.

Finally, granting by reissue claims substantially identical to those non-elected in application I would be ignoring the proper restriction requirement set forth in that application in which appellants acquiesced. Indeed, appellants' misapplication of section

6. R.S. section 4916 reads in pertinent part:
    Sec. 4916. Whenever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the

same invention, and in accordance with the corrected specification, to be reissued to the patentee or to his assigns or legal representatives, for the unexpired part of the term of the original patent.

7. We see no rational distinction between *Cornell* and *Smyser*, wherein appellants acquiesced by cancelling the non-elected claims, and the case at bar, wherein appellants acquiesced by authorizing the examiner to cancel the non-elected claims.

251 would, if permitted, circumvent the co-pendency requirement of section 120,[8] incorporated by reference in section 121 (see note 2 supra). Should appellants prevail, the copendency requirement would become meaningless, for should an applicant fail to file a divisional application while maintaining copendency as required by section 120, he could simply revert to section 251 in order to cure his mistake. Section 251 is not a panacea designed to cure every mistake which might be committed by an applicant or his attorney, and the case at bar exemplifies a mistake which this section cannot cure.

8. 35 USC 120 reads:

§ 120. *Benefit of earlier filing date in the United States.*

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though

In conclusion, we hold that appellants have not established the requisite error under 35 USC 251, para. 1, to justify granting a reissue patent containing claims substantially identical to those originally non-elected in application I. Accordingly, the decision of the board is *affirmed.*

*AFFIRMED.*

filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.