### In re Sarah C. WATKINSON.

### No. 89–1537.

United States Court of Appeals,
Federal Circuit.

March 30, 1990.

Steven B. Kelber, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, Va., argued for appellant.

John W. Dewhirst, Associate Sol., Office of Sol., Arlington, Va., argued for appellee. With him on the brief was Fred E. McKelvey, Sol.

Before ARCHER and MICHEL, Circuit Judges, and BALDWIN, Senior Circuit Judge.

BALDWIN, Senior Circuit Judge.

Sarah C. Watkinson (Watkinson) appeals the decision of the Board of Patent Appeals and Interferences (board), of the United States Patent and Trademark Office (PTO), Appeal No. 88–3520, affirming the decision of the examiner rejecting all the claims in reissue application serial no. 06/817,286 for U.S. Patent No. 4,481,219 ('219), under 35 U.S.C. § 251 (1982), as lacking a statutory basis for reissue. We affirm.

### I.

### BACKGROUND

Watkinson's original application, serial no. 06/395,928, filed July 7, 1982, was directed to compositions for and methods of inhibiting the growth of timber fungus. During prosecution, the examiner subjected the application to a restriction requirement, designating the following groups:

> Group I, encompassing claims 24, 26–31, 33, 35–37, 43–44, 46, 48–49 and 51, drawn to a composition and method of use thereof, having at least two components; and

> Group II, encompassing claim 38, drawn to a method of using a composition having only one component.

---

In response to the restriction requirement, Watkinson elected the claims within Group I for further prosecution and reserved the right to file a divisional application containing claims to the non-elected invention. Watkinson then cancelled non-elected claim 38 and the patent issued on November 6, 1984, without a divisional application having been filed.

A reissue application, serial no. 06/817,286, was filed on January 9, 1986, with claims 1–35 corresponding to those in the '219 patent and claims 36–38 corresponding to claim 38 which had been cancelled from the original application. The examiner rejected all of the claims in the reissue application under 35 U.S.C. § 251 (1982)[1] for lack of a statutory error.

Watkinson then appealed to the board arguing that her acquiescence in the restriction requirement in the original application was an error correctable by reissue because the restriction requirement had, in fact, been improper. She explained that her failure to traverse the restriction requirement was due to her agent's mistaken belief that the invention of claim 38 was unpatentable.

The board found that the case before it fell squarely within the holding of *In re Orita*, 550 F.2d 1277, 1281, 193 USPQ 145, 149 (CCPA 1977), and that the record simply did not support Watkinson's excuse for not traversing the restriction requirement. It concluded that Watkinson's errors involved nothing more than a deliberate choice to file a divisional application rather than traverse the restriction requirement, and a subsequent failure to file such a divisional. Therefore, it sustained the examiner's section 251 rejection.

## ISSUE

The issue in this case is whether the board erred in affirming the examiner's rejection of all the claims in a reissue application under 35 U.S.C. § 251 (1982) when the alleged error was the acquiescence in a restriction requirement in the original application.

## OPINION

We find no error in the board's analysis and conclusion in this case.

In *In re Orita*, the issue was whether the failure to file a divisional application was an error causing the original patent to be partially inoperative and thus correctable by reissue under 35 U.S.C. § 251. 550 F.2d at 1280, 193 USPQ at 148. This court's predecessor court found that the failure to file a divisional simply cannot be related back as an error in the issued patent. *Id.* It further stated that "granting by reissue claims substantially identical to those non-elected in application I would be ignoring the *proper* restriction requirement set forth in that application in which appellants acquiesced." 550 F.2d at 1280, 193 USPQ at 149 (emphasis added). By focusing on the single word "proper" in the above quotation, Watkinson argues that the propriety of the restriction requirement was central to the *Orita* decision, and should be central to our analysis here. Hence, Watkinson dedicates much of her brief to a discussion of the merits of the restriction requirement in the original application and concedes that if the restriction requirement were proper, the '219 patent issued error free.

█ In light of the record and relevant case law, however, we reject Watkinson's argument and hold that the failure to file a divisional application, regardless of the propriety of the underlying restriction requirement, is not an error correctable by reissue under 35 U.S.C. § 251.

1. 35 U.S.C. § 251, par. 1, reads as follows:
   **§ 251. Reissue of defective patents**
   Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue.

Contrary to Watkinson's assertion, the propriety of the restriction requirement was simply not an issue in *Orita*. In fact, the opinion is totally devoid of any analysis of the merits of the restriction requirement and it is unnecessary to pursue such an analysis here. *Orita* must be read for adhering to the previously established principle that applicants are "estopped from obtaining by reissue claims which, because of a requirement for restriction in which they had acquiesced, they could not claim in their patent." 550 F.2d at 1280, 193 USPQ at 148 (discussing *In re Cornell*, 150 F.2d 702, 32 CCPA 1251, 66 USPQ 320 (1945) and *In re Smyser*, 135 F.2d 747, 30 CCPA 1093, 57 USPQ 402 (1943)). *See also In re Weiler*, 790 F.2d 1576, 1582, 229 USPQ 673, 677 (Fed.Cir.1986) ("Significantly, Weiler accepted issuance of the '923 patent with its claims to a single elected invention. By acquiescing in the examiner's restriction requirement, and failing to file divisional applications on the subject matter of non-elected claims, Weiler foreclosed (because that was not error) his right to claim that subject matter."); *Ball Corp. v. United States*, 729 F.2d 1429, 1436, 221 USPQ 289, 295 (Fed.Cir.1984) ("The recapture rule bars the patentee from acquiring, through reissue, claims that are of the *same* or of *broader scope* than those claims that were canceled from the original application.") (emphasis in original); *Haliczer v. United States*, 356 F.2d 541, 545, 174 Ct.Cl. 507, 148 USPQ 565, 569 (1966). ("[T]he deliberate cancellation of claims in order to obtain a patent constitutes a bar to obtaining these same claims by inclusion in a reissue patent.").

*Ex parte Holt and Randell*, 214 USPQ 381 (Bd.Pat.App. & Inter.), *vacated, majority opinion adopted on reh'g*, 218 USPQ 747 (Bd.Pat.App. & Inter.1982) cited by Watkinson is neither binding on this court, nor does it support Watkinson's position. The central issue in *Holt* was whether acquiescence in an improper rejection of a Markush claim under 35 U.S.C. § 121 (1982)[2] was an error correctable by reissue. *Id.* at 383. The board found that the error in not recognizing the impropriety of the rejection was an error sufficient under section 251 and that the appellants' failure to file a timely divisional application should not foreclose them from pursuing section 251 relief. *Id.* at 384. Although Watkinson argues that the board's logic in *Holt* promotes a similar holding in the present case, *Holt* is, in fact, inapplicable. Contrary to Watkinson's assertion, there is a legally significant difference between the rejection in *Holt* and the restriction requirement in the present case. Under *In re Weber*, 580 F.2d 455, 458, 198 USPQ 328, 332 (CCPA 1978) and *In re Haas*, 580 F.2d 461, 464, 198 USPQ 334, 336 (CCPA 1978), it is *never* proper for an examiner to reject a Markush claim under 35 U.S.C. § 121. Section 121 simply does not authorize such a rejection. *Id.* The board's decision in *Holt* not only recognizes this legal principle but explicitly notes that with regard to section 121, the rejection of a Markush claim is different from a restriction requirement between different claims. *Holt*, 214 USPQ at 384 (discussing *In re Orita*, 550 F.2d 1277, 193 USPQ 145 (CCPA 1977)). That is, a restriction requirement is "proper" under section 121, whereas the rejection of a Markush claim is not.

■ Thus, although the impropriety of the rejection of a Markush claim was central to the *Holt* decision, nowhere in *Holt* did the board engage in the kind of analysis Watkinson demands of this court here.

**2.** 35 U.S.C. § 121 reads in relevant part:

**§ 121. Divisional applications**

If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of section 120 of this title it shall be entitled to the benefit of the filing date of the original application. A patent issuing on an application with respect to which a requirement for restriction under this section has been made, or on an application filed as a result of such a requirement, shall not be used as a reference either in the Patent and Trademark Office or in the courts against a divisional application or against the original application or any patent issued on either of them, if the divisional application is filed before the issuance of the patent on the other application. . . .

Indeed, neither this court nor the board has jurisdiction in this proceeding to review the merits of a requirement for restriction under section 121, as a restriction requirement is a matter within the discretion of the examiner and not tantamount to a rejection of claims. *See In re Hengehold*, 440 F.2d 1395, 1404, 58 CCPA 1099, 169 USPQ 473, 479 (1971). The proper time for Watkinson to have challenged the merits of the restriction requirement in the original application was during the prosecution of the original application. Upon compliance with the relevant PTO regulations, Watkinson could have received from the examiner and the Commissioner the consideration she now requests from this court. *See* 37 C.F.R. §§ 1.143, 1.144 (1989). However, after acquiescing in the restriction requirement, cancelling the non-elected claim and allowing the '219 patent to issue, Watkinson has lost her opportunity to challenge the propriety of the restriction requirement.[3]

We agree with the board that this case falls squarely within the holding of *In re Orita* where the court said that section 251 "is not a panacea designed to cure every mistake which might be committed by an applicant or his attorney, and the case at bar exemplifies a mistake which this section cannot cure." 550 F.2d at 1281, 193 USPQ at 149; *cf. Ball Corp. v. United States*, 729 F.2d 1429, 1435, 221 USPQ 289, 293 (Fed.Cir.1984) ("Reissue is not a substitute for Patent [and Trademark] Office appeal procedures."). Moreover, we will not permit Watkinson to undermine the co-pendency requirement under sections 120[4] and 121 by using the reissue statute to avoid a restriction requirement in which she acquiesced. *See Orita*, 550 F.2d at 1280–1281, 193 USPQ at 149.

Accordingly, the board's decision is AFFIRMED.

---

**3.** We agree with the board that Watkinson's excuse for not challenging the restriction requirement during the prosecution of the original application—that Watkinson's agent mistakenly believed the subject matter of the non-elected claim to be unpatentable—is unpersuasive in light of the fact that Watkinson deliberately chose at the time of the restriction requirement to pursue the patentability of such subject matter in a divisional application and later failed to do so. This issue was not raised by the appellant in the present appeal, however.

**4.** 35 U.S.C. § 120 (1982) reads in relevant part:
**§ 120. Benefit of earlier filing date in the United States**

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States ... by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.