928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Jerry T. GORNIAK.
 No. 90-1510.
 United States Court of Appeals, Federal Circuit.
 Feb. 20, 1991.
 
 PTO
 AFFIRMED.
 Before NIES, Chief Judge, and RICH and CLEVENGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Gorniak appeals from the June 29, 1990 decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 89-3423, affirming the PTO examiner's rejection of claims 26, 28, and 29 in application Serial No. 06/664,355, titled "Coating Composition," as unpatentable under 35 USC 103. We affirm.
 
 OPINION
 
 2
 Gorniak disputes that the combined disclosures of the cited references would have rendered the claimed subject matter prima facie obvious to one of ordinary skill in the art. More specifically, he argues, inter alia, that no reference discloses the "tread rubber dust" recited in his claims; that Augustin et al. (U.S. Patent No. 4,196,259) provide no direction as to how to make and use the epoxy resin compositions they disclose; and that the epoxy resin compositions of Elliott et al. (U.S. Patent No. 4,292,213) may be inoperable because no product specifications are provided and the compositions are not commercially available.
 
 
 3
 We hold that the PTO's determination of prima facie obviousness was clearly warranted. The compositions of Augustin et al. may comprise ground vulcanized rubber having a range of grain sizes that overlaps that recited in claim 29, see col. 3, line 63 through col. 4, line 24, while Elliott et al. may employ a filler of "cured rubber such as used for automobile tires" in their compositions. Col. 7, lines 45-47. Further, the May et al. reference indicates that the addition of a solvent, as employed in the Augustin et al. compositions, is optional. Lastly, the presumption of validity that applies to the Augustin et al. and Elliott et al. patents encompasses a presumption that their disclosures would enable any person skilled in the art to make and use the compositions disclosed therein. See 35 USC Secs. 112, 282. Gorniak has offered nothing other than mere attorney argument to rebut that presumption.
 
 
 4
 Once the PTO had established a prima facie case of obviousness, the burden shifted to Gorniak to rebut it. See In re Piasecki, 745 F.2d 1468, 1472, 223 USPQ 785, 788 (Fed.Cir.1984). We agree with the Board that Gorniak's declarations were insufficient to do so. Gorniak failed to compare the closest prior art, and the version of his own composition utilized in the reported tests was not commensurate in scope with the claims on appeal.
 
 
 5
 Finally, with regard to structure claim 27, neither the Board nor this court has jurisdiction to review the merits of an examiner's requirement for restriction pursuant to 35 USC 121. In re Watkinson, 900 F.2d 230, 233, 14 USPQ2d 1407, 1409 (Fed.Cir.1990). Gorniak's failure to petition the Commissioner cannot be cured by taking this appeal. The Board properly declined to consider the patentability of the subject matter recited in claim 27.